*RIVIERE* vs. *SPENCER.*

*By the Court.* The plaintiff claims thirteen feet of ground on Bienville-street, in the possession of the defendant.

On the 4th of November, 1758, Harang purchased at the vendue of the real property of Favre Daunoy, deceased, a lot of ground, at the corner of Bienville and Levee streets, *face au fleuve*, fronting to the river, 60 feet on Levee-street, and 138 on Bienville-street.

*The front squares on Levee-street, in New-Orleans, having been extended, by encroachment, have still their original back line.*

THIS lot was a few years after ceded to Laurent Bailly, as his share of Harang's estate, and

On the 1st of March 1797, Bailly sold it to Riviere, the plaintiff's husband, in whose right she now holds it.

THE defendant claims the next lot, on Bienville-street, and has proved that.

ON the 23d of March 1782, Zeringue had sold it to D'Orgenoy, as having 60 feet on Bienville-street and running back along Bailly's line, (that is the line of the lot now claimed by the plaintiff) 120 feet.

ON the 22d of November 1793, D'Orgenoy caused his lot to be surveyed by the surveyor-general of the province, who informed him that it had 73 feet on Bienville-street: in consequence of which, he sold it, on the following day, to Dessuau de la Croix, as having 73 feet in front on Bienville-street, declaring, however, he had purchased it as having sixty only, and warranted the purchaser's title to that quantity only, though he passed away his right to the seventy-three feet.

ON the 7th of April 1796, Dessuau sold the lot to Wilcox, as having 60 feet in front, and Wilcox some time after sold it to Spencer.

IT is proven that the present government-house and the two large stores, on the corners of Maine-street, on Levee-street, were built by the French while they possessed the province—that all these three buildings are on the same line, and that formerly most of the private buildings on Levee-street ranged with these public ones. Hence the plaintiff inferred that this line was that of Levee street: there being no other way of ascertaining the line.

THAT in the year 1776, Don Galvez added a large piazza or gallery to the government house,

encroaching about 18 feet from the supposed original line of the street, towards the river, and from that time, especially after the great conflagration in the year 1788, most, and at this time all, the houses on Levee-street are built on a line with the piazza or gallery of the government-house. In this way, the front squares of the city, which on the original plan of the city were only 320 in depth, are now 338.

RIVIERE, the plaintiff's husband, imitating the example of the owners of the front lots, built his house on a range with the piazza, or gallery of the government house. Bailly's deed to him, describes the lot as running 138 feet on Bienville-street, from the corner of that and Levee-street, to Wilcox's line, to wit : that of the lot now the property of the defendant.

THE defendant in fixing his fence, measured 138 feet, for the length of the plaintiff's lot (according to her deed) taking the corner of the plaintiff's house, as the point of departure, thus, leaving in his lot, the ground gained by the encroachment made on the street ; contending that, as the line of the lot had been removed, before the date of Riviere's deed, which described the point of departure as at the distance of 138 feet from Wilcox's lot, the plaintiff could only claim a depth of that quantity of ground.

ON these facts we are of opinion that the sur-

L

RIVIERE
*vs*
SPENCER.

plus of ground is the property of the plaintiff, it being proven it was part of the lot in its original dimensions.

THE defendant has contended, 1st. that the plaintiff ought not to succeed, for her deed gives her a right to one hundred and thirty-eight feet on Bienville-street, and in measuring that quantity of ground from the corner of her house on that street, the disputed premises are not included—2d. that his possession entitles him to hold the premisses on the plea of prescription, even if the plaintiff's vendees or any of them ever had a title thereto.

I. RIVIERE, the plaintiff's husband, acquired Bailly's title, which was the whole of the corner lot which Harang had purchased in 1758, long before there was any encroachment on the street. The back line of this lot has never been altered, although the front one has been advanced. The ground which has been thus gained is a new acquisition, perhaps a precarious one.

II. THE defendant, if he wishes to avail himself of the plea of prescription, must shew a continued, uninterrupted possession during ten years, in him or his vendees.

NEITHER Zeringue, nor D'Orgenoy, till the eve of the day in which he parted with the property, ever claimed or possessed more than the sixty feet behind the back line of Bailly's lot,

now Riviere's, which stood at the distance of upwards of one hundred and fifty feet from the corner of the present house of the plaintiff, on Levee and Bienville-streets. So that the defendant's possession of the thirteen additional feet cannot be said to have begun till the 23d of November 1793—It was interrupted by a suit of the plaintiff's husband, before the Spanish court in the year 1795, which was kept alive till the cession of the country in 1801—and the present suit was instituted about eight years after, viz. in November 1810. When the possession is interrupted, full time, (viz. ten years) must be reckoned from the cessation of the interruption. 1 *Domat.* 488.

FALL, 1811.
First District.

The full period of prescription must be reckoned from its interruption.

*Moreau,* for the plaintiff.

*Smith,* for the defendant.